UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY CELESTINE,<br><br>Plaintiff,<br><br>v.<br><br>FCA US, LLC, a Delaware limited liability company; and DOES 1 through 10, inclusive,<br><br>Defendants. | No. 2:17-cv-00597-DAD-JLT<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR REMAND<br><br>(Doc. No. 5) |

On November 22, 2016, plaintiff Larry Celestine filed this action against defendant FCA US, LLC and Skibbereen, Inc. in the San Joaquin Superior Court, alleging state law causes of action for breach of express and implied warranties under the Song-Beverly Consumer Warranty Act, California Civil Code § 1794, *et seq.* (hereinafter referred to as the "Song-Beverly Act"), and fraudulent inducement – concealment. (*See* Doc. No. 1-1.) On February 21, 2017, at plaintiff's request, the state court entered the dismissal of Skibbereen, Inc. from the action with prejudice. (Doc. No. 1-6 at 1.) Defendant FCA US removed the action to this court on March 20, 2017 pursuant to 28 U.S.C. §§ 1332, 1441(a), and 1446(a). (Doc. No. 1.)

On May 18, 2017, plaintiff filed a motion to remand the case to state court, alleging that: (1) defendant had failed to establish the amount in controversy exceeded $75,000 as required by 28 U.S.C. § 1332, and (2) defendant had failed to establish the citizenship of defendant's foreign

1

members. (Doc. No. 5.) On June 6, 2017, defendant filed an opposition. (Doc. No. 9.) The court heard oral argument on August 1, 2017. Attorney Alastair F. Hamblin appeared telephonically on behalf of plaintiff and attorney Kristi Livedalen appeared telephonically on behalf of defendant. (Doc. No. 14.)

Having considered the parties' filings and arguments and for the reasons set forth below, plaintiff's motion to remand will be denied.

**I. Legal Standard**

A defendant in state court may remove a civil action to federal court so long as that case could originally have been filed in federal court. 28 U.S.C. § 1441(a); *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 163 (1997). Thus, removal of a state action may be based on either diversity jurisdiction or federal question jurisdiction. *City of Chicago*, 522 U.S. at 163; *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Removal jurisdiction is based entirely on federal statutory authority. *See* 28 U.S.C. § 1441 et seq. These removal statutes are strictly construed, and removal jurisdiction is to be rejected in favor of remand to the state court if there are doubts as to the right of removal. *Nevada v. Bank of Am. Corp.*, 672 F.3d 661, 667 (9th Cir.2012); *Geographic Expeditions, Inc. v. Estate of Lhotka*, 599 F.3d 1102, 1107 (9th Cir. 2010); *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The defendant seeking removal of an action from state court bears the burden of establishing grounds for federal jurisdiction. *Geographic Expeditions*, 599 F.3d at 1106–07; *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009); *Gaus*, 980 F.2d at 566–67. The district court must remand the case "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c); *see also Smith v. Mylan, Inc.*, 761 F.3d 1042, 1044 (9th Cir. 2014)*; Bruns v. NCUA*, 122 F.3d 1251, 1257 (9th Cir. 1997) (holding that remand for lack of subject matter jurisdiction "is mandatory, not discretionary").[1]

/////

---

[1] An order remanding a case based on a lack of subject matter jurisdiction is not appealable. 28 U.S.C. § 1447(d); *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 638–39 (2009).

2

Diversity jurisdiction exists in actions between citizens of different States where the amount in controversy exceeds $75,000 exclusive of interest and costs. 28 U.S.C. § 1332. Diversity of citizenship must be complete, and the presence "of a single plaintiff from the same State as a single defendant deprives the district court of original diversity jurisdiction over the entire action." *Abrego Abrego v. The Dow Chemical Co.*, 443 F.3d 676, 679 (9th Cir. 2006) (citations omitted). "In calculating the amount in controversy, a court must assume that the allegations in the complaint are true and that a jury will return a verdict for plaintiffs on all claims alleged." *Page v. Luxottica Retail North Am.*, No. 2:13-cv-01333-MCE-KJN, 2015 WL 966201, at *2 (E.D. Cal. Mar. 4, 2015) (citing *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008)); *see also Campbell v. Vitran Express, Inc.*, 471 Fed. Appx. 646, 648 (9th Cir. 2012).[2]

In the absence of an amount in controversy alleged in the complaint, the defendant bears the burden to establish the amount in controversy at removal. *Rodriguez v. AT & T Mobility Servs. LLC*, 728 F.3d 975, 981 (9th Cir. 2013); Valdez v. Allstate Ins. Co., 372 F.3d 1115, 1117 (9th Cir. 2004). A removing party must initially file a notice of removal that includes "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, ___U.S.___, ___, 135 S. Ct. 547, 554 (2014). A defendant's amount in controversy allegation "should be accepted when not contested by the plaintiff or questioned by the court." *Id*. at 553. If "defendant's assertion of the amount in controversy is challenged . . . both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Id*. at 554. This proof can include affidavits, declarations, or other "summary-judgment-type evidence relevant to the amount in controversy at the time of removal." *Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015) (quoting *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997)). Additionally, the court may rely on "reasonable assumptions underlying the defendant's theory of damages exposure." *Ibarra*, 775 F.3d at 1198.

---

[2] Citation to this unpublished Ninth Circuit opinion is appropriate pursuant to Ninth Circuit Rule 36–3(b).

**II. Analysis**

Plaintiff contends that defendant failed to establish facts necessary to support diversity jurisdiction in this case. First, plaintiff argues that defendant has failed to establish the citizenship of defendant's foreign members, thereby also failing to establish complete diversity of citizenship. (Doc. No. 5-1 at 9–10.) Second, plaintiff argues that defendant has failed to prove by a preponderance of the evidence the amount in controversy in this case exceeds $75,000. (*Id*. at 7–9.)

*A. Diversity of Citizenship*

Section 1332 requires complete diversity of citizenship. A natural person who is a United States citizen is a citizen of the state in which he is domiciled. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). "A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return." *Id*. (citing *Lew v. Moss*, 797 F.2d 747, 749 (9th Cir. 1986)). "An LLC is a citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). To determine the citizenship of foreign legal entities, the court asks whether "the entity is considered a juridical person under the law that created it." *Cohn v. Rosenfeld*, 733 F.2d 625, 629 (9th Cir. 1984); *see also Stiftung v. Plains Marketing, L.P*., 603 F.3d 295, 298 (5th Cir. 2010). Thus, in concluding that the foreign corporate entity at issue in *Cohn* was a juridical person[3] under the laws of Liechtenstein, the Ninth Circuit considered the capability of the entity to both sue and be sued in its own name under the laws of Liechtenstein, whether any recovery in such litigation becomes an asset of the entity, and whether the laws of Liechtenstein recognize the entity as a legally independently organized enterprise. *Cohn*, 733 F.2d at 629.

Defendant FCA US, LCC is a limited liability corporation organized under the laws of the state of Delaware. (Doc. Nos. 1 at 2–3; 1-9 at 2–3.) The sole member of the LLC is FCA North America Holding LLC, a limited liability company organized under the laws of the state of

---

[3] A "juridical person" is defined as an "Entity, as a firm, that is not a single natural person, as a human being, authorized by law with duties and rights, recognized as a legal authority having a distinct identity, a legal personality. Black's Law Dictionary (2d Ed.)

Delaware. (*Id*.) The sole member of FCA North America Holding LLC is Fiat Chrysler Automobiles, N.V., a publically traded company incorporated under the laws of the Netherlands, with its principal place of business in London, England. (*Id*.) Since both defendant FCA US, LLC and its sole member FCA North America Holding LLC are LLCs, their citizenship depends on the citizenship of Fiat Chrysler Automobiles, N.V., the sole member of FCA North American Holding LLC. Because Fiat Chrysler Automobiles, N.V. is a foreign corporate entity, the court inquires whether it is considered a juridical person under the laws of the Netherlands.

Defendant has submitted the declaration of Kris Krueger, the Senior Staff Counsel of defendant FCA US, LLC describing Fiat Chrysler Automobiles N.V. as a public limited liability company (naamloze vennotschap) pursuant to the laws of the Netherlands, which may sue in its own name in the courts of the Netherlands, and may obtain recovery on its own behalf from such lawsuit under the laws of the Netherlands. (Doc. No. 1-9 at 2–3.) Based on the evidence submitted by defendant, the court finds defendant has adequately asserted and established that Fiat Chrysler Automobiles, N.V. is a juridical person under the laws of Netherlands and that defendant FCA US, LLC is not a citizen of California.[4]

Plaintiff, on the other hand, is a citizen of California. His complaint states that he resides in the city of Tracy in the state of California. (Doc. No. 1-1 at 3.) The notice of removal states that "[p]laintiff is, and was at the time the State Court Action was commenced, a citizen and resident of the State of California." (Doc. No. 1 at 3.) Because there is no overlap in citizenship between plaintiff and defendant, the court finds that complete diversity is satisfied in this case.

---

[4] Plaintiff objects to the declaration of Kris Krueger alleging it lacks foundation, contains legal conclusions, and is based upon hearsay and conjecture. (Doc. No. 5-1 at 10–11.) Specifically, plaintiff argues that Mr. Krueger, as an employee of FCA US, LLC, has provided no basis for his personal knowledge regarding the corporate and legal status of Fiat Chrysler Automobiles, N.V. (*Id*.) Plaintiff also requests the court to continue the hearing on this motion to allow him to conduct discovery and depose Mr. Krueger. (*Id*. at 11.) In his declaration Mr. Krueger avers he has "personal knowledge of the facts set forth in this Declaration." (Doc. No. 1-9 at 1.) The court overrules plaintiff's objections. *See Alvarado v. FCA US, LLC*, No. 5:17-cv-00505-JGB-DTB, 2017 WL 2495495, at *5 n.6 (C.D. Cal. June 8, 2017) (rejecting the same objections to a declaration by Mr. Krueger "find[ing] no reason to question his knowledge of the corporate and legal status of entities that are related to his employer."); *Kotulski v. FCA US, LLC*, No. 3:17-cv-00527-AJB-BGS, 2017 WL 2705429, at *4 (S.D. Cal. June 23, 2017) (similar).

*B. Amount in Controversy*

Below, the court addresses each category of relief defendant contends should factor into the determination of the amount in controversy posed by this action.[5]

### 1. Actual Damages under the Song-Beverly Act

Plaintiff's complaint seeks damages under the Song-Beverly Act. (Doc. No. 1-1, at 24–25.) California Civil Code § 1793.2(d)(2)(B) provides that the measure of damages in an action such as this one includes restitution "in an amount equal to the purchase price paid or payable by the buyer," reduced by that amount "directly attributable to use by the buyer" prior to delivery of the vehicle back to the dealer for correction of the problem that gave rise to the nonconformity with the warranty. The actual price paid or payable by the buyer includes "any charges for transportation and manufacturer-installed options, but excluding nonmanufacturer items installed by a dealer or the buyer, and including any collateral charges such as sales or use tax, license fees, registration fees, and other official fees." Cal. Civ. Code § 1793.2(d)(2)(B). The actual price paid or payable by the buyer also include any finance charges paid. *See Mitchell v. Blue Bird Body Co.*, 80 Cal. App. 4th 32, 37 (2000). The set-off amount is determined by multiplying the "actual price of the new motor vehicle paid or payable by the buyer . . . by a fraction having its denominator 120,000 and having as its numerator the number of miles traveled by the new motor vehicle prior to the time the buyer delivered the vehicle" for correction of the problem. Civ. Code § 1793.2(d)(2)(C).

Absent from plaintiff's complaint is any allegation of the total amount sought with respect to damages. However, the relevant retail installment sale contract is attached as an exhibit to the complaint. This contract lists the amount financed of $39,447.93, a down payment of $2,000.00, and the finance charge of $6,370.71, for a total purchase price of $47,818.64. (Doc. No. 1-1 at

---

[5] It is well-established that "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. Evidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation [that the amount in controversy exceeds the jurisdictional threshold]." *Dart*, 135 S. Ct. at 554; *see also Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 n. 1 (9th Cir. 2002) (the court may consider supplemental evidence later proffered by the removing defendant, which was not originally included in the removal notice).

6

30.) The total price of the vehicle in question, excluding the finance charge, is $41,447.93. (*Id.*) Plaintiff contends that finance charges and interest on the amount financed should not be included in the amount-in-controversy calculation. However, the court need not resolve this issue in the instant case because, as explained below, the amount-in-controversy easily exceeds the $75,000 requirement for diversity jurisdiction without taking into account the disputed finance charge.

As noted above, the amount awardable under § 1793.2(d)(2)(B) must be reduced by the amount directly attributable to use (as measured by miles driven) by the consumer prior to the first repair (or attempted repair) of the problem as pro-rated against a base of 120,000 miles. Cal. Civ. Code § 1793.2(d)(2)(B). In the complaint and the exhibits attached thereto, plaintiff does not indicate what the appropriate mileage offset should be. However, in opposition to the pending motion for remand, defendant has produced FCA US's warranty claim summary report,[6] which shows that at the time of the first alleged repair in March 2013 the vehicle had driven 9,291 miles. (Doc. No. 9-9 at 3.) Utilizing that repair as the "first relevant repair" generates a mileage offset of $3,200.11.

Based on defendant's submissions, the court finds it is reasonable to expect plaintiff to be able to recover, even without any finance charges included, $38,247.82 in actual damages under the Song-Beverly Act if she prevails in this action.

2. Civil Penalties

Plaintiff also seeks a civil penalty "in the amount of two times Plaintiff's actual damages." (Doc. No. 1-1 at 28.) "Courts as a matter of law, calculate the amount in controversy based upon the maximum amount of civil penalties available to plaintiff." *Alvarado v. FCA US, LLC*, Case No. EDCV 17-505 JGB (DTBx), 2017 WL 2495495, at *4 (C.D. Cal. June 8, 2017) (quoting *Saulic v. Symantec Corp.*, No. 8:07-cv-00610-AHS-PLA, 2007 WL 5074883, at *4 (C.D. Cal. Dec. 26, 2007). The Song-Beverly Act provides that a civil penalty of twice the amount of the actual damages is available pursuant to California Civil Code §§1794(c) and (e). Thus, defendant

---

[6] As an exhibit to its opposition, defendant has also submitted the declaration of attorney Scott Shepardson, along with a certificate of authenticity, establishing that the same warranty claim summary report is a business record of FCA US LLC and its admissibility pursuant to Federal Rules of Evidence 803(6) and 902(11). (Doc. Nos. 9-1 at 2–3 and 9-9 at 2–3.)

has established that a significant civil penalty award is likely should plaintiff succeed in proving the allegations of her complaint.

### 3. Attorney's Fees

An award of attorney's fees may be considered in tabulating the amount in controversy. *See Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155–56 (9th Cir. 1998). However, district courts within the Ninth Circuit are split on the question whether a calculation of attorney's fees is to include only those incurred up to the removal or those that will likely be incurred should the case proceed through trial. *See Diaz v. Carmax Auto Superstores California, LLC*, No. 1:15-cv-00523-AWI-SAB, 2015 WL 3756369, at *6 (E.D. Cal. June 16, 2015) (summarizing current split amongst district courts). However, this is a fray the court need not join. Defendant has not provided an estimate of the reasonable hourly rates for attorneys in this region or of the expected billable hours to be incurred by plaintiff in litigating this case either before or after removal. Nevertheless, the court need not calculate or otherwise address the amount of attorney's fees potentially at issue in this case since an amount in controversy exceeding $75,000 has already been established based upon the actual damages and civil penalty available under the Song-Beverly Act in this case should plaintiff prevail.

## III. Conclusion

For the reasons set forth above, the court concludes that defendant has established complete diversity and an amount in controversy in this action exceeding $75,000. Defendant has shown that, if successful on the merits, it is reasonable for plaintiff to recover at least $38,247.82 in actual damages under the Song-Beverly Act. In addition, the maximum amount of civil penalties available to plaintiff is twice the amount of actual damages under the Song-Beverly Act, i.e. $76,495.64. Thus, defendant has shown that, if plaintiff is successful in the action, it is likely that plaintiff will recover in excess of $75,000.

Accordingly, plaintiff's motion to remand (Doc. No. 5) is denied.

IT IS SO ORDERED.

Dated: **August 4, 2017**

_____
UNITED STATES DISTRICT JUDGE

8