# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY CELESTINE,<br><br>    Plaintiff,<br><br>    v.<br><br>FCA US LLC,<br><br>    Defendant. | Case No.: 2:17-cv-00597 - JLT<br><br>ORDER TO RUSSELL HIGGINS, STEVE MIKHOV, SEPHER DAGHIHIAN AND ERIK SCHMITT TO APPEAR AND SHOW CAUSE WHY A CONTEMPT CITATION SHOULD NOT ISSUE<br><br>ORDER SETTING CIVIL CONTEMPT HEARING ON SEPTEMBER 16, 2019 |

On July 15, 2019, the Court, court staff and the jury members assembled for trial. However, the attorneys and the parties did not appear. Consequently, the Court ordered all counsel of record to appear and to show cause why sanctions should not be imposed for their conduct. Nevertheless, Larry Celestine and some of his attorneys failed to appear at the hearing. Thus, the Court **ORDERS** Russell Higgins, Steve Mikhov, Sepher Daghighian and Erik Schmitt to appear in person on September 16, 2019 and show cause why civil contempt should not issue.

**I.  Background**

This matter involved claims that the defendant sold the plaintiff a 2012 Dodge Durango in April 2012, which he contends had defects and nonconformities to warranty. On July 15, 2019, the prospective jury members, the Court and staff assembled for trial. Counsel and the parties did not appear.

At the behest of the Court, the Courtroom Deputy Clerk contacted Sepher Daghighian's office

1

but could reach only a secretary. Mr. Daghighian had identified himself as the attorney that would handle the trial for the plaintiff. The secretary informed the CRD that the case had settled on July 1, 2019. The CRD informed the secretary that the jury was waiting and that the Court expected a call back from a lawyer immediately. Thirty minutes later, the secretary called back and indicated she had spoken to Mr. Daghighian, but there was nothing to add and confirmed the matter settled on July 1, 2019. She relayed that Mr. Daghighian was "only" trial counsel, implying that filing a notice of settlement was not his responsibility.

Despite that jury members in federal court generally serve for one month, if they are not first selected on a jury, the Court was forced to discharge the entire panel of jurors due to its concern over the damage suffered to the dignity of the court in the jurors' eyes and because of the huge imposition on the jurors that the parties' and lawyers' conduct had caused. Indeed, five prospective jurors had traveled from Stanislaus County, one from Mariposa County, one from Merced County, six from Fresno County and four from Tulare County. Though nine were from Kern County, one traveled from Ridgecrest—a two-and-half to three-hour drive, depending upon traffic—and one came from California City, which is about a 90-minute drive. Many of the jurors were forced to travel the day before and spend the night, due to the prohibitive distance.

Though the settlement occurred on July 1, 2019, the parties and counsel did not file a notice of settlement. Even though the Court issued an order related to the conduct of the jury trial on July 2, 2019 (Doc. 79), once again, the attorneys and the parties did not file a notice of settlement. Despite the passage of two weeks after the case settled and until the trial was to start, the attorneys and the parties did not file a notice of settlement. Consequently, the Court ordered the attorneys of record and the parties to appear on August 2, 2019 to show cause why sanctions should not be imposed for the costs incurred caused by summoning the unneeded jury (Doc. 81).

In advance of the hearing, counsel filed a joint statement indicating that,

> 1. On July 1, 2019, the Parties reached a settlement in principle in the above referenced matter.
> 2. On July 12, 2019, Plaintiff emailed a draft joint notice of settlement for Defendant's review and signature prior to filing with the Court.
> 3. Trial counsels for Defendants, Jeanette C. Suarez and Jeffery Fadeff, were not included in the July 12, 2019 email and did not receive such a copy of the draft of the notice of settlement prior to July 15, 2019.

(Doc. 83 at 2) The statement then continued, "as of the date of the filing of this Joint Response, the Parties have yet to complete all the terms of the settlement." Id. at 2-3.

At the hearing, the Court was informed that, in fact, there was no "settlement in principle" reached on July 1, 2019. Rather, the plaintiff, through a lawyer at the Knight law firm, signed an acceptance of a Rule 68 offer made sometime earlier. The Court was told by counsel for the defense that this is a typical course of conduct between FCA and the lawyers on the other side, because, though the acceptance of the Rule 68 offer should be filed[1], FCA prefers that judgment is not entered and the parties will settle on terms consistent with the Rule 68 offer. Despite his prior contention that trial counsel have nothing to do with settling these types of cases, he then admitted he was aware of the details of the settlement of about 100 of these types of cases by the Knight law firm during the past two years—though only five were resolved through a Rule 68 offer—Mr. Castruita took the position that the parties intended that Rule 68 control.

In any event, the joint statement makes clear that counsel made no effort to alert the Court the case had settled and, in fact, only attempted to draft a notice document on July 12, 2019. It makes clear also that counsel were fully aware as of the last business day before the trial, that no notice of settlement had been filed. Despite this, they took no steps to alert the Court. As pointed out previously, the Court's Local Rule 160(a) provides,

> When an action has been settled or otherwise resolved by agreement of the parties, or when any motion seeking general or interim relief has been resolved by agreement outside of Court, and whether the action is pending in the District Court or is before an appellate court, **it is the duty of counsel to immediately file a notice of settlement or resolution.**

Emphasis added.

Although it held a noticed hearing, the Court still is at a loss to understand who was responsible for filing the notice of settlement. This was caused by the failure to appear at the hearing by the attorneys who actually were handling this case.

On July 31, 2019, Erik Schmitt filed a request to be excused from attending the hearing. (Doc.

---

[1] Fed. R.Civ.P. 68(a) reads, "If, within 14 days after being served, the opposing party serves written notice accepting the offer, either party may then file the offer and notice of acceptance, plus proof of service. The clerk must then enter judgment."

3

86) He reported he had made campground reservations at Sequoia National Park a year ago and would not appear due to this planned vacation. Id. at 2. He indicated he would not appear by telephone either due to the lack of cell service in the park. Id. He reported that the failure to file the notice of settlement was not his fault because he was merely "one of the trial attorneys." Id.

The same day, Russell Higgins requested to be excused from the hearing. (Doc. 87) He indicated he would be "defending depositions" on August 1 and 2 but would be willing to appear by telephone[2]. Id. at 2. Mr. Higgins failed to explain when the depositions were scheduled or whether co-counsel would be present. The Court notes that, according to the State Bar's website, 19 lawyers are employed by the Knight law firm.[3] Mr. Higgins offers no explanation why another attorney from his firm—including, for example, one of the two attorneys who appeared at the hearing on August 2 but who knew nothing about this case—could not have covered the August 2nd deposition.

On the morning the day before the hearing, Steve Mikhov filed a request to be excused from the hearing. (Docs. 90, 95) He reported he would be attending a funeral in Los Angeles on August 2, 2019 and would not attend the hearing. Id. Mr. Mikhov offered no other information about the funeral including such details as his relationship to the decedent or when he learned of the death such that the Court could determine whether attending the funeral served an emotional imperative. Even if he had provided the needed details and they demonstrated that the hearing should be continued, because Mr. Mikhov filed the request at 9:54 a.m. the day before the hearing—and other counsel were traveling from San Francisco—there was insufficient time to accommodate Mr. Mikhov's request to reschedule.

At 10:47 a.m. on August 1, 2019, Sepher Daghighian filed a request to be excused from the hearing. (Doc. 92) He reported that he was obligated to attend a settlement conference on August 2, 2019 in *Raul Estuardo Tiul Ortega v. BMW of North America, LLC*, Central District of California Case Number 2:18-cv-06637-RSK. Notably, the court moved the *Ortega* settlement conference to August 2,

---

[2] The Court is advised that Mr. Higgins telephoned the Court's teleconference line but because the Court did not grant permission for any person to appear by telephone, the Court did not arrange to "host" the call.
[3] See
http://members.calbar.ca.gov/fal/LicenseeSearch/AdvancedSearch?LastNameOption=b&LastName=&FirstNameOption=b&FirstName=&MiddleNameOption=b&MiddleName=&FirmNameOption=b&FirmName=Knight+Law&CityOption=e&City=Los+Angeles&State=CA&Zip=&District=&County=&LegalSpecialty=&LanguageSpoken=, last accessed 8/8/2019.

4

2019 on July 22, 2019, a week *after* this Court ordered Mr. Daghighian to appear in this action.[4] Mr. Daghighian did not file an objection to the *Ortega* court selecting the August 2nd date or ask the *Ortega* court to continue the conference to allow him to comply with this Court's order.[5]

The Court did not grant any request of any person to be excused from the hearing but, despite this, Erik Schmitt, Russell Higgins, Steve Mikhov and Sepher Daghighian failed to appear in court as ordered.

## II.     Civil Contempt

Contempt proceedings may be civil or criminal in nature. The Ninth Circuit utilizes the "sanction test" to determine whether the contempt proceedings are civil or criminal, explaining: "[I]f the purpose of the relief is to compel the respondent to comply or to compensate the petitioner for the refusal, the contempt proceeding is civil in nature. If the purpose is to punish the respondent and vindicate the court, the proceeding is criminal." *United States v. Asay*, 614 F.2d 655, 659 (9th Cir. 1980); see also *Falstaff Brewing Corp. v. Miller Brewing Co.*, 702 F.2d 770, 778 (9th Cir. 1983) ("To distinguish civil from criminal contempt, the focus of the inquiry is often 'not [upon] the fact of the punishment but rather its character and purpose.'").

The Court has yet to determine who failed to file the notice of settlement due to the failure of Erik Schmitt, Russell Higgins, Steve Mikhov and Sepher Daghighian to appear at the hearing on August 2, 2019. The Court requires them appear to provide these explanations. *See Falstaff Brewing Corp.*, 702 F.2d at 778 ("[c]ivil contempt is characterized by the court's desire to compel obedience to a court order . . . or to compensate the contemnor's adversary for the injuries with result from the noncompliance").

Thus, the Court **ORDERS**:

---

[4] The court may take notice of facts that are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b); United States v. Bernal-Obeso, 989 F.2d 331, 333 (9th Cir. 1993). The record of Central District of California is a source whose accuracy cannot reasonably be questioned, and the Court may take judicial notice of court records. Mullis v. United States Bank. Ct., 828 F.2d 1385, 1388 n.9 (9th Cir. 1987); Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n. 1 (N.D.Cal.1978), *aff'd*, 645 F.2d 699 (9th Cir.); see also Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989); Rodic v. Thistledown Racing Club, Inc., 615 F.2d 736, 738 (6th. Cir. 1980).

[5] Notably, by the time the *Ortega* court set the settlement conference, the parties had attempted to settle the action first through a Rule 68 offer and then by mediation and these efforts failed. Similarly, the matter did not settle at the conference held on August 2, 2019.

5

1. Erik Schmitt, Russell Higgins, Steve Mikhov and Sepher Daghighian are **ORDERED** to appear on September 16, 2019 at 9:00 a.m. and show cause why they should not be held in contempt for their failure to file the notice of settlement and their failure to comply with the Court's orders.

IT IS SO ORDERED.

Dated: __**August 12, 2019**__  /s/ Jennifer L. Thurston
UNITED STATES MAGISTRATE JUDGE